**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**

WILLIAM PATRICK MCADORY,      )
                                    )      Case No. 3:26-cv-346
         *Plaintiff,*         )
                                      )      Judge Atchley
v.                              )
                                      )      Magistrate Judge Poplin
CHIEF COOPER, et al.,        )
                                      )
        *Defendants*.      )

## MEMORANDUM OPINION AND ORDER

Plaintiff William Patrick McAdory filed a motion for leave to proceed *in forma pauperis* [Doc. 5] on a civil rights complaint under 42 U.S.C. § 1983 that concerns events that transpired while he was a pretrial detainee in the Roger D. Wilson Detention Facility ("RDWDF") [Doc. 1]. For the reasons set forth below, the Court will **GRANT** Plaintiff's motion and **DISMISS** the complaint without prejudice for failure to state a claim upon which § 1983 relief may be granted.

## I. MOTION TO PROCEED *IN FORMA PAUPERIS*

Under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing a civil action may apply for permission to file suit without prepaying the filing fee. *See* 28 U.S.C. § 1915(a). A review of Plaintiff's motion [Doc. 5] and accompanying documents [Doc. 9-1] demonstrates that he lacks sufficient financial resources to pay the filing fee in a lump sum. Accordingly, pursuant to 28 U.S.C. § 1915, this motion [Doc. 5] will be **GRANTED**.

Plaintiff will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee, 37902 twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred

fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk will be **DIRECTED** to send a copy of this Order to the Court's financial deputy and the custodian of inmate trust accounts at Plaintiff's current facility to ensure compliance with payment of the filing fee.

## II.     COMPLAINT SCREENING

### A.     Screening Standard

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (citations omitted). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts should liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Even so, allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a

2

claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must establish that a "person" acting "under color of" state law deprived him of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983.

**B.      Plaintiff's Relevant Allegations**

On June 15, 2026, Plaintiff returned to the RDWDF from court. [Doc. 1 at 5]. Correctional Officer ("CO") Ochoa "let [Plaintiff] in the unit around a[n] inmate" with whom Plaintiff has an "incompatible" designation. [*Id.* at 5]. The two inmates started fighting [*Id.*]. The inmate with whom Plaintiff fought on June 15 had beaten Plaintiff with handcuffs on March 27, 2026, resulting in Plaintiff having to go to the hospital and get a staple in his head. [*Id.*]. The fight on June 15 could have been avoided if CO Ochoa had "checked incompatibles" and RDWDF had properly trained CO Ochoa. [*Id.*]. Plaintiff and the incompatible inmate should not have been around one another at all [*Id.*].

As a result of the June 15 fight, Plaintiff received cuts to his hand and leg. [*Id.*]. "They" never took Plaintiff to medical, which violates RDWDF policy that inmates are to be seen by medical immediately following a fight. [*Id.*]. Instead, a nurse came to see Plaintiff two hours later [*Id.*].

Aggrieved, Plaintiff filed the instant suit against Chief Cooper, Chief Purvis, Chief Stevenson, Captain Fritts, Sgt. Berrier, Lt. Ward, and Officer Ochoa, seeking monetary damages. [*Id.* at 6].

**C.      Analysis**

Plaintiff does not disclose in his complaint whether he is suing Defendants in their individual capacities, their official capacities, or in both capacities. Out of an abundance of caution,

the Court will assume Plaintiff seeks to sue Defendants in both their official capacities and respective individual capacities.

### 1. Official-Capacity Claims

By seeking relief against any individual Defendant in his/her official capacity, Plaintiff is seeking suit against the entity "of which the officer is an agent." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978) ("[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent."); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (holding "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity"). The entity at issue in this case is Knox County. But to state a claim against Knox County, Plaintiff must plausibly allege that Knox County's own policies or customs caused a violation of his constitutional rights. *See Monell.*, 436 U.S. at 708 (Powell, J., concurring) (explaining a municipality can only be held liable for a constitutional violation when the violation resulted from "implementation of [the municipality's] official policies or established customs"). A policy or custom may be established by demonstrating:

> (1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations.

*Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013).

Plaintiff maintains that Knox County bears liability in this action for failing to properly train Defendant Ochoa regarding inmate incompatibles. [Doc. 1 at 5]. But Knox County cannot be held liable for a failure to train merely because two inmates designated incompatible fought. Instead, to sustain a failure-to-train claim against Knox County, Plaintiff must allege facts that permit the plausible inference that Knox County made training decisions reflecting a "deliberate"

4

or "conscious" choice to be deliberately indifferent to the need for training. *City of Canton v. Harris*, 489 U.S. 378, 389 (1989). Plaintiff has not done so, and this claim will be dismissed.

And Plaintiff has not otherwise alleged any facts from which the Court could plausibly infer that some policy or custom of Knox County prevented him from receiving medical care following his fight on June 15.[1] Accordingly, Plaintiff has not sufficiently alleged that a policy or custom attributable to Knox County caused him constitutional injury, and all official-capacity claims against Defendants will be **DISMISSED WITHOUT PREJUDICE**.

### 2. Individual-Capacity Claims

To state a claim against Defendants in their respective individual capacities, Plaintiff must adequately plead that each Defendant, through his or her own actions, has violated the Constitution. *Iqbal*, 556 U.S. at 676; *see also Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted). This requirement exists because constitutional liability cannot attach to a Defendant solely based on his or her position of authority. *See Iqbal*, 556 U.S. at 676 ("[O]ur precedents establish . . . that Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."); *Monell*, 436 U.S. at 691 (finding that liability under § 1983 may not be imposed merely because a defendant "employs a tortfeasor").

---

[1] Plaintiff's allegation that it violates facility policy to fail to take a prisoner to medical following a fight does not advance his claim, because the mere violation of institutional policy fails to raise a constitutional issue. *Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007) (noting a § 1983 claim may not be based on violation of procedure that does not itself violate federal law).

5

Plaintiff's complaint alleges no facts at all against Defendants Cooper, Purvis, Stevenson, Fritts, Berrier, or Ward. Therefore, Plaintiff has failed to state a plausible claim against these Defendants, and all claims against them will be **DISMISSED WITHOUT PREJUDICE**.

This leaves Plaintiff's allegations that Officer Ochoa let Plaintiff in the unit around an inmate with whom Plaintiff had an incompatible. [Doc. 1 at 5]. However, Plaintiff cannot sustain a claim against Officer Ochoa by claiming that he was negligent in failing to check the incompatibles list before permitting Plaintiff in the unit upon his return from court. *See Daniels v. Williams*, 474 U.S. 327 (1986) (holding negligence does not state §1983 cause of action). Instead, Plaintiff must make "an objective showing that an individual defendant acted (or failed to act) deliberately and recklessly." *Westmoreland v. Butler Cnty*., 29 F.4th 721, 728 (6th Cir. 2022) (citation omitted). Under this standard, liability attaches where the defendant officer "[1] act[ed] intentionally in a manner that [2] put[] the plaintiff at a substantial risk of harm, [3] without taking reasonable steps to abate that risk, and [4] by failing to do so actually cause[d] the plaintiff's injuries." *Stein v. Gunkel*, 43 F.4th 633, 639 (6th Cir. 2022) (citing *Westmoreland,* 29 F.4th at 729).

Here, Plaintiff has not presented any facts to substantiate a plausible failure-to-protect claim. He does not disclose the circumstances under which Defendant Ochoa "let [Plaintiff] around" the incompatible inmate. That is, it is unclear whether Defendant Ochoa released Plaintiff into a general population unit, or whether he was merely escorting Plaintiff through the unit when the fight occurred. Plaintiff does not disclose who initiated the fight, whether either or both of the inmates were restrained at the time, or whether there were any indications that should have alerted Defendant Ochoa that Plaintiff was facing "an unjustifiably high risk of harm" that Defendant Ochoa disregarded. *Brawner v. Scott Cnty*., 14 F.4th 585, 596 (quoting *Farmer v. Brennan*, 511 U.S. 825, 836 (1994)).  In sum, Plaintiff does not allege any facts from which "a reasonable officer

6

in the circumstances would have appreciated the high degree of risk involved and the obvious consequences" of Defendant Ocha's conduct. *Westmoreland*, 29 F.4th at 730.

Accordingly, while it may be possible that Defendant Ochoa engaged in conduct that violated Plaintiff's constitutional rights, Plaintiff has fallen short of presenting allegations rendering those claims plausible, and all Plaintiff's claims against Defendant Ochoa will be **DISMISSED WITHOUT PREJUDICE**. *See Twombly*, 550 U.S. at 570 (holding plaintiff must "nudge[] [his] claims across the line from conceivable to plausible" to state a claim for relief).

## III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 5] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk is **DIRECTED** to provide a copy of this Memorandum Opinion and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy;

5. Even liberally construing the amended complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983;

6. Accordingly, this action will be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

7. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

A separate judgment shall enter. There being no more matters to resolve, the Clerk is respectfully **DIRECTED** to close the file.

**SO ORDERED.**

/s/ Charles E. Atchley, Jr.
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**